```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WALTER GLOVER,
                                                              MEMORANDUM AND ORDER
                        Plaintiff,                            15 CV 1723 (SLT)

        -against-

NEW YORK CITY DEPARTMENT OF
CORRECTION,

                        Defendant.
------------------------------------------------------------x
TOWNES, United States District Judge:
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 1 2015 ★
BROOKLYN OFFICE

Plaintiff Walter Glover, currently incarcerated at Mid-State Correctional Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, and alleges that he was injured while incarcerated at the George R. Vierno Center ("GRVC") at Rikers Island Correctional Facility ("Rikers"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted.

For the reasons stated below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint.

## Background

Plaintiff's complaint alleges that in May 2014, while he was incarcerated at GRVC, he was injured while showering when "a surge of steaming hot water penitrated [sic] [plaintiff's] skin." Compl. at ¶ IV. Plaintiff avers that he received third degree burns, and seeks monetary damages for his injury.

1

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and, accordingly, the Court reads plaintiff's *pro se* complaint liberally and interprets it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived

[the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create an independent substantive right; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

New York City Department of Correction

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The New York City Department of Correction is an agency of the City of New York. See, e.g., McNeil v. City of New York, NYPD, No. 13 CV 4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that the Department of Correction and other "agencies of the City of New York ... lack independent legal existence and are not suable entities"); Campbell v. New York City, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing claims against the Department of Correction on the ground that it is a non-suable entity). As such, the New York City Department of Correction lacks an independent legal existence and therefore is not a suable entitiy. Accordingly, plaintiff's claim against the New York City Department of Correction is dismissed. See 28 U.S.C.§ 1915A(b).

Conditions of Confinement

Liberally construed, plaintiff may be seeking to assert a claim regarding the conditions of confinement while he was incarcerated at Rikers. It is unclear to the Court whether plaintiff was a pre-trial detainee or convicted at the time of the alleged incident. A pre-trial detainee in state

custody "receives protection against mistreatment at the hands of prison officials under ... the Due Process Clause of the Fourteenth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). A convicted prisoner receives protection under the Eighth Amendment, which protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain" at the hands of prison officials. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). The constitutional prohibition against cruel and unusual punishment includes the right to be free from conditions of confinement that impose an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The standards for a pre-trial due process protection claim are the same as those that protect convicted inmates from cruel and unusual punishment under the Eighth Amendment. Liggins v. Griffo, 356 Fed.Appx. 537, 539 (2d Cir. 2009) (citing Caiozzo, 581 F.3d at 72).

In order to allege a Fourteenth or Eighth Amendment violation on the basis of inhumane or unsafe living conditions, a plaintiff must establish that (1) he was incarcerated under conditions which posed a substantial risk of serious harm, and (2) prison officials acted with deliberate indifference to his health or safety. See Farmer, 511 U.S. at 834. The Supreme Court has held that "[t]he Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." Id at 832 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)); Walker v. Schult, No. 12-1806-cv, 2013 WL 2249159, at *4 (2d Cir. May 23, 2013).

In addition to failing to name a proper defendant or defendants, plaintiff fails to allege any facts to show that any correctional staff members acted with deliberate indifference to his health and safety or that he was incarcerated under conditions which posed a risk of serious

4

harm. Accordingly, in light of plaintiff's *pro se* status, the Court will grant plaintiff thirty (30) days leave to amend his complaint in order to cure the deficiencies noted above. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). For this reason, the complaint is dismissed for failure to state a claim that it plausible on its face. See 28 U.S.C.§ 1915A(b).

Leave to Amend

Out of an abundance of caution, in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days from the date of this order to file an amended complaint. Plaintiff is informed that if he elects to file an amended complaint it must contain a brief factual description giving rise to his § 1983 claim. Plaintiff must state whether he was a pre-trial detainee or a convicted prisoner at the time of the incident. Moreover, plaintiff must allege the personal involvement in the alleged constitutional violation of a named defendant. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (noting that "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal citations omitted). For each defendant that is named in the caption of the complaint, plaintiff must include a brief description of what that defendant did or failed to do, and how that act or omission caused him injury. If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual.

Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that plaintiff includes in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an

"Amended Complaint," and bear the same docket number as this Order.

## Conclusion

Accordingly, plaintiff's complaint against the New York City Department of Correction is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C.§ 1915A(b). **If plaintiff fails to amend his complaint within 30 days from the date of this order, as directed by this order, the Court shall enter judgment.**

No summons shall issue at this time and all further proceedings shall be stayed for 30 days from the date of this order. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
May 29, 2015